UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MARTINEZ,

      Petitioner,                            Civil Action No. 11-CV-13078

v.                                   HON. BERNARD A. FRIEDMAN

KENNETH ROMANOWSKI,

      Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Joseph Martinez, presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for one count of first-degree murder, Mich. Comp. Laws § 750.316; one count of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; one count of felonious assault, Mich. Comp. Laws § 750.82; one count of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and one count of possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.  For the following, the Court shall deny the petition.

### I.  Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. The Michigan Court of Appeals, which affirmed petitioner's conviction, summarized the incident giving rise to the charges as follows:

> Defendant's convictions arose from a dispute between defendant and his brother, during which defendant shot his brother in the neck. His brother subsequently died in the hospital. At trial,

defendant did not challenge the allegation that he shot his brother. Rather, defendant argued that the evidence failed to establish premeditation or intent. In addition, defendant argued that he was legally insane at the time of the shooting.

*   *   *

As defendant acknowledges, multiple witnesses testified about an altercation between defendant and his brother on the day of the shooting. There was testimony that defendant swung a stick of some kind at his brother. Further, defendant threatened to kill the victim's family and to burn their house down. Just before the shooting, defendant was directly threatening to kill the victim.

*People v. Martinez*, 2010 WL 5129862, at **1, 3 (Mich. App. Dec. 16, 2010).  The Michigan

Supreme Court denied leave to appeal.  *See People v. Martinez*, 489 Mich. 934 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. COUNSEL'S FAILURE TO OBJECT TO INADMISSIBLE HEARSAY WAS INEFFECTIVE ASSISTANCE, WHICH DENIED THE APPELLANT A FAIR TRIAL.

II. THE ADMISSION OF THE RIFLE WAS AN ABUSE OF DISCRETION BY THE TRIAL COURT, WHICH DENIED THE APPELLANT A FAIR TRIAL.

III. THE CUMULATIVE EFFECT OF THE ERRORS OCCURRING AT TRIAL DENIED DEFENDANT A FAIR TRIAL.

IV. THE PROSECUTOR FAILED TO ESTABLISH THE CORPUS DELICTI OF A HOMICIDE WHERE IT WAS AGREED THAT THE VICTIM OF THE SHOOTING LATER WILLFULLY ENDED HIS OWN LIFE.

V. THE EVIDENCE WAS INSUFFICIENT TO CONVICT DEFENDANT OF FIRST DEGREE PREMEDITATED MURDER.

VI. THE PROSECUTION'S KNOWING USE OF PERJURED TESTIMONY BY WITNESSES SAMMY KING AND G. PITTMAN VIOLATED DEFENDANT'S DUE PROCESS RIGHTS BY RENDERING THE RESULTS OF THE PRELIMINARY EXAMINATION AND HIS TRIAL FUNDAMENTALLY UNFAIR

2

AND UNRELIABLE.

VII. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE ON GROUNDS OTHER THAN JUST FAILING TO OBJECT TO HEARSAY.

VIII. WHERE MICHIGAN HAS CREATED AN AVENUE OF APPELLATE REVIEW BY WHICH A DEFENDANT MAY FILE A SUPPLEMENTAL BRIEF, IT MAY NOT OBSTRUCT THAT AVENUE BY DENYING THE DEFENDANT-APPELLANT AN OPPORTUNITY TO REVIEW HIS TRIAL TRANSCRIPTS.

## II.  Standard of Review

Title 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The statute "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (internal quotations omitted).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (internal quotations omitted).  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786.  A federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)).

### III.  Discussion

#### A.  Claims I and VII:  The Ineffective Assistance of Counsel Claims

The Court considers petitioner's first and seventh claims together, as they both allege ineffective assistance of counsel.

To show he was denied the effective assistance of counsel, a defendant must satisfy a two-prong test.  First, he must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance.  *Id*.  Second, the defendant must show that his attorney's allegedly ineffective performance prejudiced his defense, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "*Strickland's* test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 792).

Moreover, on habeas review "the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation omitted).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 131 S. Ct. at 785.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123.  Thus, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id*.

In his first claim, petitioner contends that he was denied a fair trial when

5

inadmissible hearsay was allowed into evidence. Petitioner claims that trial counsel should have objected to the heasay statement of the emergency technical technician who testified that an unidentified person said "someone on the scene, I'm not sure who it was, said that his brother shot him" (Tr. 7/9/09, p. 52).

The Michigan Court of Appeals reasonably rejected this claim. Petitioner was not prejudiced by the challenged testimony in light of the other uncontroverted evidence that was presented at trial to establish that petitioner shot the victim. *See Kennedy v. Warren*, 428 F. App'x 517, 521 (6th Cir. 2011). Further, the alleged hearsay evidence was non-prejudicial because petitioner's identity was never in doubt. *See Martinez*, 2010 WL 5129862, at *1.

Petitioner next argues that trial counsel was ineffective for choosing to raise an insanity defense over stronger defenses such as *corpus delicti*, sufficiency of the evidence, and the prosecution's use of perjured testimony.

The Michigan Court of Appeals addressed each of these defenses and found them to be without merit. That court found that the *corpus delicti* rule, which has to do with the admission of confessions, does not apply in this case because petitioner did not confess. *Martinez*, 2010 WL 5129862, at *3. The Michigan Court of Appeals also concluded (as does this Court, for the reasons indicated below) that the evidence of premeditation and deliberation was not insufficient and that there was no evidence the prosecutor used perjured testimony. *See Martinez*, 2010 WL 5129862, at **3-4. Trial counsel was not ineffective for not pursuing defenses reasonably found by the Michigan Court of Appeals to be futile. Given petitioner's history of mental health problems, and the weakness of other possible defenses, trial counsel's decision to pursue an insanity defense rather than those suggested by petitioner was "eminently reasonable."

6

*Coe v. Bell*, 161 F.3d 320, 342-43 (6th Cir. 1998).  The Court therefore rejects petitioner's ineffective assistance claims.

### B.  Claims II and IV:  Evidentiary Rulings Regarding the Rifle

Petitioner next argues that the trial court abused its discretion when it allowed the prosecutor to introduce into evidence a rifle through testimony given by Dora Massey.  Petitioner also claims that the prosecutor failed to sufficiently demonstrate that the rifle was relevant and therefore admissible.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal habeas court is limited to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.*  Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *See Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000); *Regan v. Hoffner*, 209 F. Supp. 2d 703, 714 (E.D. Mich. 2002).

Moreover, the Michigan Court of Appeals reasonable rejected these arguments, finding the rifle relevant and admissible:

> Generally, irrelevant evidence is inadmissible. MRE 402. Evidence is relevant if it has "any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence." MRE 401. Here, the evidence was relevant. The prosecutor produced evidence that a .22 caliber bullet was found in the victim's neck. Further, the prosecutor presented a witness who testified that she saw defendant riding a bicycle and holding what appeared to be a long gun wrapped in fabric. Another witness testified that she found a fabric-wrapped rifle in a shrub pile two weeks after the shooting. The introduction of the rifle into evidence tended to support the credibility of these witnesses. Therefore, the rifle was relevant

7

evidence. *See People v Mills*, 450 Mich 61,72-73; 537 NW2d 909, mod on other grounds, 450 Mich 1212; 539 NW2d 504 (1995).

Defendant next argues that the prosecutor failed to lay a proper foundation to admit the rifle into evidence. Defendant points out that there was a discrepancy in the testimony concerning the date defendant allegedly placed the rifle in the shrub pile and the date the witness found the rifle in the pile. This discrepancy does not negate the evidentiary foundation. The prosecutor presented sufficient circumstantial evidence connecting defendant to the rifle. *People v Murphy (On Remand)*, 282 Mich App 571, 580-582; 766 NW2d 303 (2009). In contrast, the disparity in the dates was a matter of credibility. The credibility determination was a matter for the jury. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008).

*Martinez,* 2010 WL 5129862, at *2. No habeas relief s available on these claims.

### C.  Claim III:  Cumulative Error

In his third claim, petitioner contends that he is entitled to habeas relief because of cumulative error.  A claim of this nature does not warrant habeas relief.  As the Sixth Circuit noted in *Moore v. Parker*, 425 F. 3d 250, 256 (6th Cir. 2005), "not even constitutional errors that would not individually support habeas relief can be cumulated to support habeas relief."  The Court therefore rejects this claim.

### D.  Claim V:  Insufficiency of the Evidence

Petitioner contends that there was insufficient evidence to convict him of first-degree premeditated murder.  In reviewing the sufficiency of the evidence to support a criminal conviction, the Court inquires  "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  More specifically, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original).  A federal court may grant

8

2:11-cv-13078-BAF-MKM   Doc # 14   Filed 12/12/13   Pg 9 of 13   Pg ID 1565

habeas relief only if the state court unreasonably applied the *Jackson* standard.  *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  "[T]he only question under *Jackson* is whether [the state court's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).  A federal habeas court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983).

To obtain a conviction for first-degree murder in Michigan, the state must establish that the defendant's intentional killing of another was deliberated and premeditated. *See Scott v. Elo*, 302 F.3d 598, 602 (6th Cir. 2002).  The elements of premeditation and deliberation may be inferred from the circumstances surrounding the killing.  *See Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001).  "Circumstantial evidence demonstrating premeditation includes, but is not limited to (1) the prior relationship of the parties, (2) defendant's actions before the killing, (3) the circumstances, including the wound's location, of the killing, and (4) defendant's conduct after the killing."  *Cyars v. Hofbauer*, 383 F.3d 485, 491 (6th Cir. 2004).

Although the minimum time required under Michigan law to premeditate "is incapable of exact determination, the interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look.'" *Williams v. Jones*, 231 F. Supp. 2d 586, 594-95 (E.D. Mich. 2002) (quoting *People v. Vail*, 393 Mich. 460, 469 (1975)).  "A sufficient time lapse to provide an opportunity for a 'second look' may be merely seconds, minutes, or hours or more, dependant on the totality of the circumstances

9

surrounding the killing." *Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001). "Use of a lethal weapon will support an inference of an intent to kill." *Id.*

The Michigan Court of Appeals rejected petitioner's challenge to the sufficiency of the evidence of premeditation and deliberation for the following reasons:

> As defendant acknowledges, multiple witnesses testified about an altercation between defendant and his brother on the day of the shooting. There was testimony that defendant swung a stick of some kind at his brother. Further, defendant threatened to kill the victim's family and to burn their house down. Just before the shooting, defendant was directly threatening to kill the victim. Defendant argues that a prior altercation is not per se evidence of premeditation. The evidence of the altercation did, however, establish that less than an hour before the shooting, defendant angrily assaulted his brother. This evidence was sufficient to allow a reasonable juror to find that the shooting was premeditated.

*Martinez*, 2010 WL 5129862, at *3. The Court cannot disagree with this reasoning. The cited evidence sufficed to allow the jury to conclude that the prosecutor proved the elements of deliberation and premeditation beyond a reasonable doubt. In addition, the Court notes the evidence established that petitioner shot the victim in the neck. Under Michigan law, premeditation may logically be inferred from the fact that the victim was wounded in a vital body part. *See Lundberg v. Buchkoe*, 338 F.2d 62, 69 (6th Cir. 1964). There was also evidence that petitioner disposed of evidence subsequent to the murder, a fact further supportive of a finding of premeditation and deliberation. *See Marsack v. Howes*, 300 F. Supp. 2d 483, 492 (E.D. Mich. 2004). These facts, in addition to those cited by the Michigan Court of Appeals, defeat petitioner's challenge to the sufficiency of the evidence of deliberation and premeditation.

### E.  Claim VI:  Perjury

Petitioner next claims that several of the prosecution witnesses committed perjury at the preliminary examination and at trial.

"[D]eliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'rudimentary demands of justice.'" *Giglio v. U.S.*, 405 U.S. 150, 153 (1972). Due process is violated "when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). "In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false. The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony." *U.S. v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989). The fact that a witness contradicts himself or changes his story does not establish perjury. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003).

In rejecting this claim, the Michigan Court of Appeals stated: "Having reviewed the record and defendant's arguments, we find no indication that the prosecutor knowingly presented perjured testimony." *Martinez*, 2010 WL 5129862, at *4. This conclusion is not unreasonable under the case authority cited above. "[A]llegations of perjury [must be] corroborated by factual evidence," *Barnett v. U.S.*, 439 F.2d 801, 802 (6th Cir.1971), and in the present case petitioner has presented no evidence to show that any of the prosecution witnesses testified falsely at petitioner's preliminary examination or trial. Nor has petitioner offered any evidence to support the other prong of this claim, namely, that the prosecutor knew that any witnesses testified falsely.

### F.  Claim VIII:  The Denial of Transcripts

Finally, petitioner claims that the state courts failed to provide him with copies of the trial transcripts to assist him in preparing the supplemental *pro se* brief on appeal he submitted in addition to the brief on appeal filed by his court-appointed appellate counsel.

The Michigan Court of Appeals rejected this claim because the trial court's journal entries establish that the trial transcripts were mailed to petitioner. *See Martinez,* 2010 WL 5129862, at *4.  A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption.  *See Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). The presumption of correctness given to the findings of a state court on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *See Sumner v. Mata,* 449 U.S. 539, 546-47 (1981).  Petitioner has offered this Court no evidence to rebut the Michigan Court of Appeals' factual finding that petitioner was provided with a copy of his trial transcripts.

Further, any difficulties that petitioner may have encountered in the preparation of his own *pro se* supplemental brief would not entitle him to habeas relief because there is no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel.  *See McMeans v. Brigano,* 228 F.3d 674, 684 (6th Cir. 2000).

12

**IV. Conclusion**

For the reasons stated above,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, petitioner having failed to make a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma pauperis*, as any appeal in this matter would be frivolous.

IT IS FURTHER ORDERED that petitioner's "motion to stay habeas petition" [docket entry 13] is denied.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2013
          Detroit, Michigan

13